Case 2:15-cr-20031-PKH Document 16 Filed 12/11/15 Page 1 of 13 PageID #: 43

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 10 2015

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:15-cr-20031-PKH |
| | ) | |
| LONNIE SYMONDS | ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

#### COUNTS OF CONVICTION AND DISMISSAL

1. The defendant, LONNIE SYMONDS, hereby agrees to plead guilty to Count 1 of the Indictment, charging the defendant with Knowing Receipt of Images of Child Pornography as that term is defined in Title 18, United States Code, Section 2256, in or affecting interstate and foreign commerce by any means; all in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1); If the Court accepts this plea agreement, once the court has pronounced sentence, the Government will move to dismiss Counts 2 through 5.

#### AGREEMENT REGARDING FORFEITURE

2. The defendant hereby agrees to forfeit all rights, title and interest to the following asset:

> 1. A Gateway laptop with a 320GB hard drive (Serial # NXY1UAA0162332ACD81601)

1

The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

    a.    The defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. The defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the properties. The defendant agrees to immediately withdraw any claims to properties seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process(es). The defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

    b.    The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

    c.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture

constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant also agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

3. The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime to which the defendant is pleading guilty. The defendant has committed each of the elements of the crime to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

 a. In February 2015, the River Valley Internet Crimes Against Children (ICAC) Task Force conducted a search for subjects utilizing the internet to access child pornography. In doing so, they discovered that at least seventeen images and videos depicting minors engaging in sexually explicit conduct had been downloaded at a specific I.P. Address located in Fort Smith, Arkansas between January 6, 2015 and February 17, 2015.

 b. Records received from AT&T confirmed that this particular I.P. Address belonged to an apartment in Fort Smith where the defendant was living alone at the time. On April 22, 2015, a federal search warrant was executed at that apartment. The defendant was present in his apartment at that time and he stated to law enforcement that he had been viewing and downloading child pornography on his computer using the Ares file sharing software. He stated that he likes to view images that depict thirteen and fourteen year old girls engaging in sexually explicit conduct. He further admitted to having view pornographic images depicting minors as young as seven and eight years old engaging in sexually explicit conduct. To do so, the defendant admitted that he

used the search term "pthc," which stands for "pre-teen, hard core.").

        c.      When interviewed, the defendant also admitted that the AT&T internet service belonged to him and was password protected. He admitted that he had never given the password to anyone else. He stated that he has been viewing and downloading child pornography for about twenty years. He claimed to have deleted all of his files a few days before the execution of the search warrant. Law enforcement, however, found forty-nine images on his Gateway laptop that depicted minors engaging in sexually explicit conduct.

        d.      Law enforcement seized a Gateway laptop belonging to the defendant on April 22, 2015 and subsequently conducted a forensic examination. The examination revealed that the defendant's laptop contained 49 images of minors engaging in sexually explicit conduct. Count 1 of the Indictment specifically refers to a picture with the file name "365957[1].jpg" showing a female child approximately four to six years old performing oral sex on an adult male. This image was received by the defendant via the internet on or about April 6, 2015.

## ADVICE OF RIGHTS

4.      The defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

      a.      to have an attorney and if the defendant cannot afford an attorney, to have one provided to him and paid for at government expense;
      b.      to persist in his plea of not guilty;
      c.      to have a speedy and public trial by jury;
      d.      to be presumed innocent until proven guilty beyond a reasonable doubt;
      e.      to confront and examine witnesses who testify against him;
      f.      to call witnesses on his behalf;
      g.      to choose to testify or not testify and that no one could force the defendant to testify; and,
      h.      to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5. The defendant hereby acknowledges that he understands with respect to the count to which he pleads guilty, he thereby <u>WAIVES</u> all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8. The defendant agrees that if after signing this plea agreement the defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the defendant violates any term of this plea agreement, takes a position at sentencing which is contrary to the terms of this plea agreement or attempts to withdraw from this plea agreement, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or

obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the defendant. The defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the court.

9. The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a. admissions against interest, both oral and written, made by the defendant to any person;
    b. statements made by the defendant during his change of plea hearing;
    c. the factual basis set forth in the plea agreement;
    d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;
    e. any and all physical evidence of any kind which the defendant has provided to the government; and,
    f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

### MAXIMUM PENALTIES

10. The defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to the Count 1 of the Indictment in the case, the defendant agrees that he faces:

    a. a maximum term of imprisonment of 20 years;
    b. a mandatory minimum term of imprisonment for 5 years;
    c. a maximum fine of $250,000;
    d. both imprisonment and fine;
    e. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
    f. a possibility of going back to prison if the defendant violates the conditions of supervised release;
    g. a special assessment of $100.00 for each count of conviction;

  h.  restitution as ordered by the court.

## CONDITIONS OF SUPERVISED RELEASE

  11.  The defendant acknowledges that if a term a supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

  a.  The defendant shall not leave the judicial district without the permission of the court or probation officer.
  b.  The defendant shall report to the probation officer in a manner and frequency directed by the Court or Probation Officer.
  c.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
  d.  The defendant shall support his or her dependents and meet other family responsibilities.
  e.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
  f.  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
  g.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, or distribute, any controlled substance or any paraphernalia, except medically prescribed
  h.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
  I.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
  j.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
  k.  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
  l.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court, and
  m.  The defendant shall -- as directed by the probation officer -- notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to

make such notifications and to confirm the defendant's compliance with such notification requirement.

### DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

12. I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

### NO OTHER CHARGES

13. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

### SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

14. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within

the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

15. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

16. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

17. In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

18. The government agrees not to object to a recommendation by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the

base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the court accepts a recommendation in the Presentence Report that defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

19. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

  a. make all facts known to the probation office and to the court;
  b. call witnesses and introduce evidence in support of the Presentence Report;
  c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
  d. contest and appeal any departure from the appropriate Guideline range; and,
  e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this plea agreement which are favorable to the defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

20. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the

court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## DISMISSAL OF COUNTS

21. The government's agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the government's motion to dismiss the agreed counts of the Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

## AGREEMENT NOT BINDING ON THE COURT

22. The parties agree that nothing in this agreement binds the district court to:

   a. make any specific finding of fact;
   b. make any particular application of the Sentencing Guidelines;
   c. hand down any specific sentence;
   d. accept any stipulation of the parties as contained in this plea agreement; and,
   e. accept this plea agreement.

23. The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

24. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

25. The defendant agrees to pay $100 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

26. By signing this plea agreement, the defendant acknowledges that:

a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.
b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.
c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

27. By signing this plea agreement, counsel for the defendant acknowledges that:

   a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.
   b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.
   c. Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

28. The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 10TH day of DECEMBER, 2015.

_____
LONNIE SYMONDS
Defendant

_____
JAMES PIERCE
Attorney for Defendant

KENNETH ELSER
ACTING UNITED STATES ATTORNEY

By: _____
ASHLEIGH BUCKLEY
Assistant United States Attorney

13